JUNE 1820.    COURT OF APPEALS, JUNE TERM, 1820.

Mark
vs
Lawrence.

MARK vs. LAWRENCE.

An action may be supported against a deputy sheriff for malfeasance, not in his capacity of deputy sheriff, but as a wrong doer.

If a deputy sheriff in selling goods under a *fieri facias*, commits a fraud, and the plaintiff in the judgment, on which the *fi. fa.* issued, is satisfied his debt, an action of trover may be sustained by the defendant in such judgment for the goods against the deputy sheriff, as a wrong doer.

Whether there has been such fraud, is a question of fact for the decision of the jury. A deputy sheriff, by purchasing at his own sale, commits a fraud.

APPEAL from *Frederick* county court. An action of *trover* was brought by the present appellee. The declaration contained two counts; the first, a count in trover in the usual form; and the other a special count against the defendant below, (now appellant,) as deputy sheriff, stating the whole case, viz. "And whereas also, on the, &c. there issued out of *Frederick* county court a certain writ of *fieri facias*, directed to the then sheriff of the said county, reciting—That whereas at a county court begun and held on, &c. at, &c. a certain *John Dill*, by judgment of the same court, recovered against a certain *Joseph W. Lawrence*, [the plaintiff in the court below, and appellee in this court,] as well the sum of," &c. [*reciting the judgment.*] "Therefore the said sheriff was commanded, that of the goods and chattels, lands and tenements, of the said *J. W. L.* being in his bailiwick, he should cause to be levied the debt, &c. and that he should have those sums of money, &c. On which said writ there was written a certain endorsement, as follows, to wit: To be released on payment of $104 current money, with interest, &c. That the said writ was afterwards, &c. delivered to the then sheriff of *Frederick* county, to be executed; by virtue of which said writ, the said then sheriff afterwards, &c. as sheriff, seized and took in execution divers goods, &c. of the said J. W. L. then and there found, and being of a large value, to wit: One negro woman called, &c. of the value of, &c. one negro girl, &c. and one negro girl child, &c. And the said J. W. L. avers, that at the several times hereinafter mentioned, the said *John Mark*, [the defendant in the court below, and appellant in this court,] was the deputy of the then sheriff aforesaid, by him lawfully appointed; and so being the deputy, he the said J. M. was afterwards, to wit, on, &c. at, &c. authorised by the then sheriff aforesaid, as his deputy, to sell the said goods, &c. of the said J. W. L. or as much thereof as would make the said sum of money mentioned in the indorsement of the writ of *fieri facias* aforesaid; yet the said J. M. well knowing the premises, but minding and fraudulently intending to deceive and defraud him the said J. W. L. altogether refused and neglected to sell the said negroes, as it was his duty to do; and in

order to secure to him the said J. M. the benefit and advantage of the said goods, &c. afterwards, to wit, on, &c. at, &c. falsely and fraudulently pretended to sell the said negroes to a certain *Joab Waters*, for the sum of $210; and the said J. M. under colour of the said pretended sale, fraudulently contrived to hold the said negroes in his possession, and to receive the use and benefit thereof; and afterwards, to wit, on, &c. at, &c. sold and converted the same to his own use; whereby he the said J. W. L. is injured, and hath wholly lost the said goods and chattels, to the damage of the said J. W. L. the sum of $2,000 current money; and therefore he brings his suit, &c." The defendant pleaded the general issue.

1. At the trial of the cause in the county court, at August term 1813, the plaintiff offered in evidence a writ of *fieri facias*, issued out of the said court on the 18th of August 1809, on a judgment obtained in that court by *John Dill*, against him the plaintiff, for $200 current money, damages, and 371lbs. of tobacco, costs, endorsed, to be released on payment of $104, with interest from the 11th of January 1808, and costs; which *fieri facias* was returned by the sheriff, *satisfied plaintiff.* The plaintiff also offered in evidence, that the said writ came to the hands of the sheriff, and that he seized and took the negroes as are mentioned in the second count of the declaration in this cause; that the said *John Mark*, (the defendant,) was the deputy sheriff, and authorised to sell the said negroes, as is also stated in the said declaration. That the said negroes were the property of the plaintiff, as mentioned in the said second count of the declaration. That on the day appointed for the sale of the said negroes, the defendant set up the said negroes all together, and refused to offer them separately, for sale, and that the whole of them was struck off to *Joab Waters*, for the sum of $210. That *Waters* was not in truth the purchaser, but only colourably, and that he bid for them for the defendant, who thereupon took them into possession as his own, and a few days afterwards sold them to one E. B. for $360. The defendant then offered evidence, that the said sale was conducted fairly; and then prayed the opinion of the court, that upon the evidence above stated, the plaintiff was not entitled to recover; which opinion the court, [ *Shriver* and *Nelson*, A. J.] gave. The plaintiff except-

ed; and the verdict and judgment being against him, he appealed to this court.

The case was argued in this court at December term 1815, before BUCHANAN, NICHOLSON, EARLE, JOHNSON and MARTIN, J.

*Taney*, for the appellant.   He cited 1 *Chitty's Plead.* 73, 74.   *Lane vs. Cotton and Franklin*, 1 *Ld. Raym.* 646, and 1 *Salk.* 17, S. C.

*Pigman*, for the appellee.

BUCHANAN, J. delivered the court's opinion.

In the opinion of the court, an action may be supported against a deputy sheriff for malfeasance, not in his capacity of deputy sheriff, but as a wrong doer.   If therefore the appellee in this case was guilty of a fraud in the sale and purchase of the negroes in question, which was a matter to be determined by the jury, the appellant is clearly entitled to recover on the count in trover.

JUDGMENT REVERSED, AND PROCEDENDO AWARDED.

The proceedings were accordingly remitted to the county court for a new trial, and the cause was again tried in that court, at October term, 1817.

2. The plaintiff gave the same facts, &c. in evidence as are stated in the preceding bill of exceptions; and the defendant then offered in evidence sundry accounts for officers fees which came to his hands for collection; the amount of which, (£18 10 10,) was levied with the said *fieri facias* on the said negroes; and that a regular appraisement of the negroes was made, amounting to $280; that advertisements, dated the 5th of September, 1809, in which the negroes are mentioned, were set up by the defendant, five days previous to the day of sale, at the tavern of a *Mr. Wagers*, in the town of *New-Market*, in the neighbourhood of the plaintiff, notifying that there would be sold for cash, on the 11th instant, at the dwelling-house of the plaintiff, one negro woman and two children, &c. taken as the property of the plaintiff, by virtue of the before mentioned *fieri facias*, and on a distress for fees, and that the sale would commence at 9 o'clock.   He also proved, that he had paid over to the sheriff the officers fees and money collected on the *fieri facias* and distress; and

further proved by *John Dill*, the plaintiff in the said *fieri*
*facias*, that on the day of the sale by the defendant, he,
the witness, attended for the purpose of buying the negroes;
that he and a *Mr. Filemier*, agreed to purchase them joint-
ly; that he bid several times for them, until he thought he
had offered as much as they were worth; that *Joab Waters*,
for the defendant, bid $210. That the sale began between
9 and 10 o'clock in the morning, and continued until near
12 o'clock. That after *Waters* bid the $210, the defen-
dant continued to cry them for some time, warning bidders
and buyers in the usual way; that there were about 15 or
20 persons at the sale, and that the whole sale was con-
ducted fairly, and the negroes struck off to *Waters*, who
was the highest bidder. The defendant also proved by the
same witness, that an advertisement, like the one before men-
tioned, was put up at his tavern in *Frederick-town*, some days
previous to the day of sale. The plaintiff then prayed the
court to direct the jury, that if they believed the evidence,
they must find a verdict for the plaintiff. Which direction
the court, [*Shriver* and *T. Buchanan*, A. J.] gave. The
defendant excepted; and the verdict and judgment being
against him, he appealed to this court, where it was argued
at this term before EARLE, JOHNSON and DORSEY, J.

*Figman*, for the appellant, cited *Cameron vs. Reynolds*,
Cowp. 403. *Sanderson vs. Baker and Martin*, 2 W. Blk.
Rep. 832. *Ackworth vs. Kempe*, Doug. 41, 42. *Wood-
gate vs. Knatchbrill*, 2 T. R. 154. *Chitty's Plead.* 73, 74.
6 Bac. Ab. tit. *Trover*, 677, 707. *Rex. vs. Woodward*, 1
Ld. Raym. 736. *Ekins vs. Smith*, Sir T. Raym. 336.

*Taney*, for the appellee, relied on the same authorities
he referred to at the first argument in this court.

EARLE, J. The court consider this to be the same as
the case formerly before them.

JUDGMENT AFFIRMED.